```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | |
|---|---|
| HIGH ISLAND HEALTH, LLC, and § | |
| JIRO TAKASHIMA, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. H-06-2931 |
| § | |
| LIBERTYBELLE MARKETING LTD, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION

Pending before the court[1] are Defendant's motion to dismiss (Docket Entry No. 23) and a joint motion for entry of an agreed protective order (Docket Entry No. 27). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendant's motion to dismiss**,** and **DENIES AS MOOT** the parties' joint motion for entry of an agreed protective order.

### I.  Case Background

The instant case arises from a patent and trademark dispute. On September 15, 2006, Plaintiffs High Island Health and Jiro Takashima ("Plaintiffs") filed a complaint in federal court against Defendant Libertybelle Marketing, also known as Pleasure2Me, ("Defendant" or "P2M") alleging violations of state and federal patent and trademark laws.[2]

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket entry No. 29.

[2] See Original Complaint, Docket Entry No. 1.

After filing the complaint, Plaintiffs attempted to serve Defendant on October 18, 2006, at 27 Old Gloucester Street, London, WC1N 3XX, United Kingdom, but were unsuccessful because there was "no authorised officer available to accept service" at that address.[3] The next day, notice of Plaintiffs' claim was delivered to Seb Cox, also known as Michael Moran, ("Moran") at 6 Evelyn House, Greatorex Street, London, E1 5NW, England (the "Evelyn Address").[4]

After receiving no answer from Defendant, Plaintiffs on November 13, 2006, moved the court to enter a default judgment, averring in their motion that:

> Defendant, a United Kingdom company, was properly served through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters with a summons and a copy of [P]laintiffs' complaint and a Hague Convention Summary of the Document to be served via personal service by hand on October 19, 2006.[5]

The court granted Plaintiffs' motion and entered a default judgment against Defendant on November 20, 2006.[6]

Seven days later, Defendant filed a "Certificate of Interested Parties and Rule 7.1 Disclosure Statement" identifying Sean Durack

---

[3] See Plaintiffs['] Response to Defendant's Motion to Dismiss Under Rule 12(b)(5) for Insufficiency of Service of Process ("Plaintiffs' Response to MTD"), Docket Entry No. 24, p. 5; id. at Exhibit ("Ex.") 2, pp. 7-9.

[4] See id. at Ex. 2, pp. 3-4.

[5] See Plaintiffs' Request for Entry of Default and for Default Judgment ("Plaintiffs' First Default Motion"), Docket Entry No. 5.

[6] Default Judgment, Docket Entry No. 6.

("Durack"), Neil Riley ("Riley"), and Hitesh Patel as directors of Defendant.[7] Moran was not listed in the submission.[8] That same day, Defendant also filed an emergency motion to vacate the default judgment "because service of process has not been properly effected on Defendant."[9]

The emergency motion asserted that "Plaintiffs served the Complaint on one of Defendant's customers who is not a principal of Defendant, and is not authorized to accept service on its behalf," and included declarations signed by Durack and Moran pursuant to 28 U.S.C. § 1746 that each stated that Moran was a customer of Defendant, and not an employee, officer, director, shareholder, or beneficial owner of the company.[10] The motion argued:

> The person upon whom process was served, [Moran], is not identified in Plaintiffs' Complaint as a principal of Defendant nor an agent for service of process. Mr. Moran is not identified anywhere in Plaintiffs' Complaint. Furthermore, the address where Mr. Moran was served is not the address of Libertybelle that Plaintiffs identified in their Complaint and on the Summons. Plaintiffs' Complaint, and the Summons, correctly identify an address of Defendant as 27 Old Gloucester

---

[7] Defendant Libertybelle Marketing Ltd's Certificate of Interested Parties and Rule 7.1 Disclosure Statement ("Defendant's CIP"), Docket Entry No. 7.

[8] See id.

[9] Defendant Libertybelle Marketing Ltd's Emergency Motion to Vacate Default Judgment and Request for Relief to Mitigate the Harm Suffered by Defendant from Plaintiffs' Publication of the Void Default Judgment to Defendant's Customers ("Defendant's Motion to Vacate"), Docket Entry No. 8, p. 1.

[10] Defendant's Motion to Vacate, Docket Entry No. 8, p. 2; id. at Ex. A, Declaration of Sean Durack, p. 2; id. at Ex. B, Declaration of Michael Moran, pp. 1-2.

3

>Street in London . . . , but Plaintiffs served the
>Complaint on Mr. Moran at 6 Evelyn House, Greatorex
>Street, which is Mr. Moran's address, not Defendant's.[11]

The declarations by Durack and Moran also averred that the Evelyn Address is Moran's personal address and "not an address of Libertybelle."[12]

In response to Defendant's motion to vacate, Plaintiffs maintained that "proper service was effectuated upon Defendant" and opposed the motion to vacate "as it is based upon Fed. R. Civ. P. 60(b)(4)." They stated, though, that "Plaintiffs are well aware of this Court and the Fifth Circuit's desire to have cases decided upon the merits," and thus did not oppose Defendant's motion being granted pursuant to Fed. R. Civ. P. 60(b)(1) or (6).[13]

At a December 1, 2006, hearing, the court granted Defendant's motion to vacate without elaboration and issued a Docket Control Order establishing various deadlines related to the litigation.[14]

On December 20, 2006, Plaintiffs filed Initial Disclosures that identified Riley and Durack as principals of Defendant likely to have discoverable information and also identified Moran as,

---

[11]    Defendant's Motion to Vacate, Docket Entry No. 8, p. 3.

[12]    Defendant's Motion to Vacate, Docket Entry No. 8, at Ex. A, Declaration of Sean Durack, p. 2; id. at Ex. B, Declaration of Michael Moran, p. 1.

[13]    Plaintiffs High Island Health LLC and Jiro Takashima's Response to Defendant's Emergency Motion to Vacate Default Judgment ("Plaintiffs' Response to MTV"), Docket Entry No. 10, p. 10.

[14]    Hearing Minutes and Order, Docket Entry No. 11; Transcript of Scheduling Conference (December 1, 2006), Docket Entry No. 16.

"[u]pon information and belief, a principal, employee, and/or distributor of the allegedly infringing P2M products."[15]

On January 12, 2007, Plaintiffs filed a new motion for default judgment, arguing that Defendant was properly served on October 19, 2006, and that "Defendant made an appearance in this action by filing an Emergency Motion to Vacate Default Judgment . . . and other requests for relief."[16]  The motion noted that Defendant had not filed an answer or any other responsive pleading to Plaintiffs' complaint, and also acknowledged that Defendant continued to assert that proper service had not been effected.[17]

On the next court business day following the submission of the second default motion, Defendant filed an Answer, explicitly "object[ing] to the sufficiency of Plaintiffs' alleged service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure."[18]  The Answer also stated:

> Libertybelle further objects under Rule 12(b)(2) to personal jurisdiction over Libertybelle. As set forth in Defendant Libertybelle's Emergency Motion to Vacate Default Judgment . . . , service of process has not been properly effected on Libertybelle.  Plaintiffs served the Complaint on one of Defendant Libertybelle's customers who is not a principal of Libertybelle, and is not

---

[15]   Plaintiffs' Rule 26 Initial Disclosures, Docket Entry No. 13, p. 2.

[16]   Plaintiffs' Second Request for Entry of Default and for Default Judgment ("Plaintiffs' Second Default Motion"), Docket Entry No. 14, pp. 1-2.

[17]   Id. at 2-3.

[18]   Defendant Libertybelle Marketing Ltd's Answer and Counterclaims to Plaintiffs High Island Health, LLC and Jiro Takashima's Complaint ("Answer"), Docket Entry No. 15, p. 10.

authorized to accept service on its behalf, as was incorrectly asserted in the "Witness Statement" of Plaintiffs' process server in the executed return of service . . . that Plaintiffs filed with this Court."[19]

On February 1, 2007, Defendant responded to Plaintiffs' second motion for default judgment, noting that it had filed an answer to Plaintiffs' complaint and reiterating that "the Answer [was] filed subject to Defendant's continuing objection to the sufficiency of service in this action."[20] The court denied Plaintiffs' second motion for default judgment on February 12, 2007.[21]

On March 20, 2007, Defendant filed the instant motion to dismiss based on an alleged insufficiency of service of process.[22] Plaintiffs responded to this motion on April 6, 2007.[23] The court considers the parties' arguments below.

## II. Legal Standard

Pursuant to the Federal Rules of Civil Procedure, the court is authorized to dismiss a civil action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5); see also Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994)("A

---

[19] Id. at 10.

[20] See Defendant Libertybelle Marketing Ltd's Response in Opposition to Plaintiffs High Island Health, LLC and Jiro Takashima's Second Request for Entry of Default and for Default Judgment ("Defendant's Response to Plaintiffs' Second Default Motion"), Docket Entry No. 17, p. 1.

[21] Order, Docket Entry No. 21.

[22] See Defendant Libertybelle Marketing LTD's Motion to Dismiss under Rule 12(b)(5) for Insufficiency of Service Process ("Defendant's MTD"), Docket Entry No. 23.

[23] See Plaintiffs' Response to MTD, Docket Entry No. 24.

6

district court . . . has broad discretion to dismiss an action for ineffective service of process.")  Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant.  <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999).  Although "[a]ctual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4," if a party "voluntarily submits [it]self to the court's jurisdiction by appearing before it and allowing it to adjudicate [its] rights," the party waives its right to argue the defense of defective service.  <u>McGuire v. Sigma Coatings</u>, 48 F.3d 902, 907 (5th Cir. 1995).

### III. Analysis

In the instant motion to dismiss, Defendant contends that Plaintiffs ineffectively served one of Defendant's customers and "are continuing to refuse to properly serve the Summons and Complaint on Defendant."[24]  The motion alleges that more than six months have passed since Plaintiffs filed their initial complaint and that Plaintiffs have made no effort to perfect service since the attempt carried out on October 19, 2006.

Plaintiffs, in their response, maintain that they "properly served a principal of P2M or an agent with apparent authority" and therefore argue that the motion should be denied.[25]  Additionally,

---

[24]     Defendant's MTD, Docket Entry No. 23.

[25]     Plaintiffs' Response to MTD, Docket Entry No. 24, p. 1.

7

Plaintiffs contend that Defendant's filing of a Certificate of Interested Parties and a motion to vacate each constituted an appearance before this court for purposes of waiving objections to personal jurisdiction.

As any discussion related to sufficiency of service of process is moot if Defendant waived its right to challenge Plaintiffs' complaint on those grounds, the court will consider Plaintiffs' latter argument first.

Under Rule 12(h) of the Federal Rules of Civil Procedure, a defendant waives its ability to assert the defense of insufficiency of service of process in certain circumstances.  See Fed. R. Civ. P. 12(h).  A court will usually deem the objection to service of process waived if the defendant fails to raise the issue when filing a responsive pleading or when making an appearance.  See Adams v. Unione Mediterranea Di Sicurta, 220 F.3d 659, 667 (5th Cir. 2000)(discussing Rule 12(h) requirements related to objections to personal jurisdiction).  The Fifth Circuit cautioned that if a party wishes to object to the sufficiency of service of process, "he must do so at the time he makes his first defensive move -- whether it be a Rule 12 motion or a responsive pleading."  Golden v. Cox Furniture Mfg. Co., 683 F.2d 115, 118 (5th Cir. 1982); see also Kersh v. Derozier, 851 F.2d 1509, 1511 (5th Cir. 1988)("the defense of insufficient service of process is waived unless made in a party's first responsive pleading or an amendment to a first

responsive pleading allowed as a matter of course").

It appears, here, that Defendant appropriately heeded the Fifth Circuit's exhortation and consistently asserted the relevant defense in each of its affirmative motions and responsive pleadings. Defendant's motion to vacate, its first "defensive move" with respect to this court, was explicitly premised on the alleged insufficiency of service of process.[26] Each of Defendant's subsequent filings similarly reiterated its position that "Defendant Libertybelle objects to the sufficiency of Plaintiffs' alleged service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure."[27]

Defendant, therefore, properly preserved its right to assert a defense related to insufficient service of process, and the court must move forward to consider the merits of that claim.

Service of process on a corporation in a foreign country is governed by Rule 4(h) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(h). Rule 4(h)(2) incorporates the service methods in Rule 4(f) and directs that service in a location not

---

[26] See Defendant's Motion to Vacate, Docket Entry No. 8. The filing of a Certificate of Interested Parties does not constitute a "defensive move" or "responsive pleading" for purposes of waiver under Rule 12. See Kersh, 851 F.2d at 1511 ("A pleading is 'responsive' under Rule 12 only if it is the first *opposing* pleading filed after the claim for relief is made." (emphasis added)). Similarly, attending a hearing related to a challenge over sufficiency of service of process plainly cannot constitute an "appearance" for purposes of opposing that challenge.

[27] See Answer, Docket Entry No. 15, ¶ 73; see also Defendant's Response to Plaintiffs' Second Default Motion, Docket Entry No. 17; Amended Answer, Docket Entry No. 20, ¶ 73; Defendant's MTD, Docket Entry No. 23.

within any U.S. judicial district may be effected pursuant to any internationally agreed means, including the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). See Fed. R. Civ. P. 4(f), (h).

When service is challenged, the party responsible for service bears the burden of establishing its efficacy. Sys. Signs Supplies v. U.S. Dep't of Justice, Washington D.C., 903 F.2d 1011, 1013 (5th Cir. 1990); Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir. 1985). Production of the return of service can be accepted as *prima facie* evidence that service was effected, and is only overcome by strong and convincing evidence. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993); Home-Stake Prod. Co. v. Talon Petroleum, C.A., 907 F.2d 1012, 1017 (10th Cir. 1990); Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955).

Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service. See Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 941 (10th Cir. 1987); Jones v. Jones, 217 F.2d 239, 242 (7th Cir. 1954). Any factual question raised by the affidavits or other evidence in a Rule 12(b)(5) motion should be determined by the court in accordance with Fed. R. Civ. P. 12(d). C. Wright & A. Miller, Federal Practice and Procedure § 1353, p. 345 (2004).

Here, Plaintiffs produced a Certificate of Service accompanied by a witness statement that averred:

> On Thursday the 19th day of October 2006 before 1700 hours, I personally served Libertybelle Marketing Limited also known as Pleasure2me with the Summons in a Civil Case together with the Original Complaint with Exhibits, together with the Hague Convention Summary of the Document to be Served, by handing them to and leaving them with Mr[.] M[.] Moran, also known as Seb Cox, who confirmed that as Principal of Libertybelle Marketing Limited he was authorised to accept service on its behalf, at 6 Evelyn House, Greatorex Stree, London, E1 5NW, England.
>
> * * *
>
> Service has been effected, as directed by the requesting authority, in accordance with a method prescribed by the internal law of England and Wales and thus in accordance with sub paragraph (b) of the first paragraph of article 5, Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.[28]

As this return of service appears to be valid on its face, the burden of establishing that it was somehow defective shifts to Defendant.

To meet this burden, Defendant presented the court with two declarations made in accordance with 28 U.S.C. § 1746, one by Durack, an acknowledged principal of Defendant, and one by Moran, the party to whom the complaint was delivered.

Under penalty of perjury, Durack attested in his declaration:

---

[28] Plaintiffs' Response to MTD, Docket Entry No. 24, Ex. 2, p. 4.

11

>    3.  Mr. Moran is not a Principal of Libertybelle, and he is not authorized to accept service on its behalf. The "6 Evelyn House" address to which the Process Server refers is not an address of Libertybelle.  I understand that it is Mr. Moran's address.
>
>    4.  Mr. Moran is not an employee of Libertybelle. Mr. Moran is not an officer, director, shareholder, or beneficial owner of Libertybelle.  Mr. Moran is a customer of Libertybelle who buys products from Libertybelle and sells the products on the Internet. Mr. Moran also occasionally provides consultancy advice to Libertybelle for which he either invoices Libertybelle for the work done or buys product at discounted rates. As a result of Mr. Moran's consultancy work with Libertybelle, Mr. Moran is a named inventor on a patent application filed by Libertybelle.  Mr. Moran has assigned his rights in the invention to Libertybelle. Mr. Moran is not associated with Libertybelle in any other way that could place him in a position to accept service on behalf of Libertybelle.[29]

Moran, in his declaration, echoed Durack's assertions and added a narrative related to his encounter with the process server, stating:

>    1.  My address is 6 Evelyn House, Greatorex Street, London, E1 5NW, England.  This is my address and it is not an address of Libertybelle . . . .
>
>    * * *
>
>    3.  I am not a Principal of Libertybelle, and I am not authorized to accept service on its behalf.  The "6 Evelyn House" address to which the Process Server refers is my address and is not an address of Libertybelle.
>
>    4.  On Thursday the 19th day of October 2006 at about 3

---

[29] Defendant's MTD, Docket Entry No. 23, Ex. A, Declaration of Sean Durack, p. 2.

pm, someone called through my intercom system and asked if I was Michael Moran as he had some legal papers to serve on me. I went to the entrance gate of my block of flats. A man appearing to be in his early thirties asked again if I was Michael Moran. He said that the case did not involve me, that it involved Libertybelle, but that I needed to know what was going on. I asked who he was, he said he was from a firm of Solicitors, (he named them but I cannot remember the name). Then he said "he was only acting as a postman." So I took the papers.

5. He did not ask if I was a Principal of Libertybelle or whether I was authorised to accept service of papers on behalf of Libertybelle. I did not tell him that I was a Principal of Libertybelle or that I was authorised to accept service of papers on behalf of Libertybelle.

6. I am not now nor have I ever been:
   a. employed by Libertybelle;
   b. held any office with Libertybelle; or
   c. held any shares in Libertybelle.

7. I am a customer of Libertybelle buying their product which I sell through the Internet. I also, from time to time, provide consultancy advice to Libertybelle for which I either invoice them for the work done or buy product at discounted rates.

8. As a result of my consultancy work with Libertybelle, I am a named inventor on a patent application filed by Libertybelle. I have assigned my rights in the invention to Libertybelle. I am not associated with Libertybelle in any other way that could place me in a position to accept service on behalf of Libertybelle.[30]

Plaintiffs, not surprisingly, dispute the assertions made in Defendant's declarations and argue further that:

Moran has represented and acted on behalf of P2M in

---

[30]   Id. at Ex. B, Declaration of Michael Moran, pp. 1-2.

>       negotiations with Plaintiffs' representatives, mailed
>       letters for and on behalf of P2M, is the named inventor
>       on a patent application filed by P2M, and has made claims
>       that he is the source and manufacturer of the accused
>       product in this litigation.[31]

Plaintiffs attempt to support these pronouncements by attaching unauthenticated copies of letters purportedly from Defendant to Plaintiffs' attorney.[32] These letters identify Defendant's address as 27 Old Gloucester Street, make no discernable reference to Moran or the Evelyn Address, and are signed with unidentified, ambiguous scrawls that are not recognizable as any particular name.[33] In short, Plaintiffs submitted nothing that lends admissible support to the claims that Moran's relationship with Defendant was sufficient to allow him to accept service of process on Defendant's behalf.

Even assuming Moran did in fact identify himself to the process server as someone competent to accept service on Defendant's behalf, such an averment is generally insufficient to bind Defendant if it is not, in fact, true. See Schwarz v. Thomas, 95 U.S. App. D.C. 365 (D.C. Cir. 1955)("The rule is clear that . . . any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process and,

---

[31]    Plaintiffs' Response to MTD, Docket Entry No. 24, p. 6.

[32]    See id. at Ex. 1.

[33]    See id.

further, that the authority to accept such service cannot be shown by the extra-judicial statements of the [agent]. This is an elementary law of agency."). It is axiomatic that a person without authority to accept service cannot, without more, obtain that authority simply by making a statement to the contrary.

In the instant suit, the court is satisfied that the declarations made by Durack and Moran under penalty of perjury cogently and convincingly controvert any assumption that Moran was competent to bind Defendant through acceptance of service of process. Plaintiffs provide nothing that effectively rebuts Defendant's position.

Lastly, Plaintiffs' protestations related to "undertak[ing] the costly and time-consuming process of effectuating service of process . . . a second time," ring hollow to the court.[34] A plaintiff is responsible for properly serving the defendant in accordance with the federal rules. See Fed. R. Civ. P. 4. Plaintiffs, here, became aware of Defendant's challenge to the sufficiency of their service of process at least as of November 27, 2006, when Defendant filed its motion to vacate.[35] By at least that same day, Plaintiffs were provided with a list of three of Defendant's directors or principal officers and had identification

---

[34]   See Plaintiffs' Response to MTD, Docket Entry No. 24, p. 7.

[35]   See Defendant's Motion to Vacate, Docket Entry No. 8.

Case 4:06-cv-02931 Document 31 Filed in TXSD on 04/18/07 Page 16 of 16

and contact information for Defendant's counsel.[36] Most persuasively, the court vacated its earlier default judgment based on allegations of insufficient service of process.[37]

Despite this knowledge, Plaintiffs have made no effort to properly serve Defendant with a summons and complaint as required by the federal rules. Therefore, the court finds it appropriate to dismiss the instant suit without prejudice.

### IV. Conclusion

Based on the foregoing, the court **GRANTS** Defendant's motion to dismiss**,** and **DENIES AS MOOT** the parties' joint motion for entry of an agreed protective order.

**SIGNED** in Houston, Texas, this 18th day of April, 2007.

Nancy K. Johnson
United States Magistrate Judge

---

[36] See Defendant's CIP, Docket Entry No. 7.

[37] See Hearing Minutes and Order, Docket Entry No. 11.

16